**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANTONIO M. ORTIZ,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>LARRY D. SMITH<br>CORRECTIONAL FACILITY,<br><br>　　　　　Defendant. | No. 5:26-cv-2158-ODW-AJR<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

**I.**

**INTRODUCTION**

On April 20, 2026, *pro se* Plaintiff Antonio M. Ortiz ("Plaintiff"), an inmate presently incarcerated at the Larry D. Smith Correctional Facility ("SCF"), in Banning, California, filed this civil rights action pursuant to 42 U.S.C. § 1983 (the "Complaint") against unknown deputies at SCF ("Doe Defendants"), sued in their official capacities.  (Dkt. 1 at 3.)  Plaintiff also filed a Request to Proceed *In Forma Pauperis*.  (Dkt. 4.)

## II.

## SUMMARY OF ALLEGATIONS IN THE COMPLAINT

In the Complaint, liberally construed, Plaintiff alleges that on April 30, 2025, Doe Defendants "kept on firing shots" even after Plaintiff and other inmates were "down." (Dkt. 1 at 5.)  Plaintiff alleges that he was shot in the eye and head area. (Id.)  Plaintiff also alleges he had been asking for "bed moves," but "nobody was listening at all." (Id.)

Plaintiff seeks compensation for pain and suffering, continuing trauma, and medical issues allegedly resulting from being shot in the head and face area.  (Id. at 6.)  Plaintiff also references his "medical condition as an ADA inmate." (Id.)

## III.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b); see also Byrd v. Phoenix Police Dep't, 885 F.3d 639, 641-42 (9th Cir. 2018).

Moreover, when a plaintiff appears *pro se* in a civil rights case, the Court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt.  See Byrd, 885 F.3d at 642; Hoffman v. Preston, 26 F.4th 1059, 1063 (9th Cir. 2022) ("We construe pro se complaints liberally and afford the petitioner the benefit of any doubt.").  In giving liberal interpretation to a *pro se* complaint, the Court may not, however, supply essential elements of a claim that were not initially pled.  See Litmon v. Harris, 768 F.3d 1237, 1241 (9th Cir. 2014).  The Court must give a *pro se* litigant leave to amend the complaint unless it is "absolutely clear that

the deficiencies of the complaint could not be cured by amendment." Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (internal quotation marks omitted).

For the reasons discussed below, the Court has screened the Complaint and determined that it must be DISMISSED with leave to amend.

## IV.

## DISCUSSION

### A.      The Complaint Fails To Comply With Rule 8.

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rule 8(e)(1) instructs that "[e]ach averment of a pleading shall be simple, concise, and direct." A complaint violates Rule 8 if a defendant would have difficulty responding to the complaint. See Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1059 (9th Cir. 2011). Further, "bare assertions" that merely recite elements of a claim "disentitles them to the presumption of truth." Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009).

Here, the Complaint fails to satisfy Rule 8 because it does not provide sufficient factual detail to give Doe Defendants fair notice of Plaintiff's claims or permit the Court to determine whether Plaintiff plausibly states a constitutional violation. Although Plaintiff alleges that unknown deputies continued firing after inmates were "down" and that Plaintiff was shot in the eye and head, (Dkt. 1 at 5), Plaintiff provides virtually no factual context regarding the incident itself. Plaintiff does not describe the events precipitating the shooting, whether deputies were responding to inmate violence or another emergency, whether Plaintiff or other inmates were complying with commands, where Plaintiff was located when shots were fired, or the circumstances under which Plaintiff allegedly sustained his

injuries.

Plaintiff likewise does not explain what he means by his requests for "bed moves," identify who allegedly ignored those requests, or explain how those requests relate to the shooting incident.  (Dkt. 1 at 5.)  Without additional factual allegations, the Doe Defendants would have difficulty responding to the Complaint and the Court cannot reasonably infer that any Defendant is liable for misconduct.  See Cafasso, 637 F.3d at 1059; see also Steinley v. Health Net, Inc., 2018 WL 6985318, at *5 (C.D. Cal. Dec. 4, 2018) ("Generally, '[u]ndifferentiated pleading against multiple defendants is improper' because it fails to give each defendant notice of the specific allegations and claims that pertain to it.").

Accordingly, even construed liberally, the Complaint fails to contain facts sufficient to state a constitutional violation.  Should Plaintiff choose to file an amended complaint, he is advised to clearly identify the nature of the legal claims he is bringing, the specific facts giving rise to each claim against each individual defendant, and the relief sought.

**B.    The Complaint Fails To State A Claim Against Individual Defendants.**

To establish a civil rights violation under 42 U.S.C. § 1983, a plaintiff must show either the defendant's direct, personal participation in the constitutional violation, or some sufficient causal connection between the defendant's conduct and the alleged violation.  See Iqbal, 556 U.S. at 676; Starr v. Baca, 652 F.3d 1202, 1205-06 (9th Cir. 2011).  Plaintiff alleges that unnamed deputies violated his constitutional rights.  (Dkt. 1 at 3.)  Plaintiff further contends that, when he attempted to obtain the deputies' names and badge numbers, he was informed that, pursuant to institutional procedures, he was not permitted to access the deputies' personal identifying information.  (Id.)  Generally, courts do not favor actions against "unknown" defendants.  Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999).  However, a plaintiff may sue unnamed defendants when the identity of the alleged defendants is not known prior to the filing of the complaint.  Gillespie v.

4

Civiletti, 629 F.2d 637, 642 (9th Cir. 1980).  In such a situation, a court gives the plaintiff "an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities."  Id.  A plaintiff must diligently pursue discovery to learn the identity of unnamed defendants.

Here, however, any claim against unnamed deputies must be dismissed because the Complaint fails to state what each of these defendants separately did in their individual capacity to violate Plaintiff's rights.  To state a claim against more than one unnamed defendant, Plaintiff must identify each Doe Defendant as "Doe No. 1, Doe No. 2," etc., in the body of the amended complaint and show how each defendant individually participated in the alleged constitutional violations, whether or not Plaintiff knows the defendant's name.  If Plaintiff wishes to pursue his claims, he must make an effort to identify the names of the deputies.

**C.** **Plaintiff Fails To State A Claim For Municipal Liability Under *Monell*.**

Plaintiff sues unknown deputies of the Larry D. Smith Correctional Facility solely in their official capacities.  (Dkt. 1 at 3.)  Official-capacity claims against county employees are construed as claims against the municipality itself, here, the County of Riverside.  See Kentucky v. Graham, 473 U.S. 159, 165-66 (1985).  However, Plaintiff may not sue the County of Riverside for alleged constitutional violations on a theory of *respondeat superior*, which is not a theory of liability cognizable under Section 1983.  See Connick v. Thompson, 563 U.S. 51, 60 (2011); Iqbal, 556 U.S. at 676; Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981).  Thus, the County of Riverside cannot be sued merely because a deputy allegedly violated Plaintiff's constitutional rights.  Instead, the County of Riverside may be held liable **only if the alleged wrongdoing was committed pursuant to a municipal policy, custom, or usage**.  See Bd. of Cnty. Comm'r of Bryan Cnty., Okla. v. Brown, 520 U.S. 397, 402-04 (1997); Monell v. N.Y. Cty. Dep't of Soc. Serv., 436 U.S. 658, 691 (1978) ("Monell"); see also Horton by Horton v. Cty. of Santa Monica, 915 F.3d 592, 603-04 (9th Cir. 2019) ("[M]unicipalites may be liable under § 1983 for

5

constitutional injuries pursuant to . . . a pervasive practice or custom.").

A plaintiff seeking to impose liability on a municipality under Monell must allege facts showing that:  (1) the constitutional violation was the result of a governmental policy or a longstanding practice or custom; (2) the individual who committed the constitutional violation was an official with final policy-making authority; or (3) an official with final policy-making authority ratified the unconstitutional act.  See Gillette v. Delmore, 979 F.2d 1342, 1346-47 (9th Cir. 1992).  Additionally, liability under Monell may not be predicated on "isolated or sporadic incidents," but "must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy."  Gordon v. Cnty. of Orange, 6 F.4th 961, 974 (9th Cir. 2021).

Here, Plaintiff appears to allege only isolated acts of misconduct by individual Defendants.  Plaintiff does not allege that the purported constitutional violations resulted from any official policy, longstanding custom, practice, or failure to train attributable to the County of Riverside.  See Starr, 652 F.3d at 1216 ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."); see also AE ex rel. Hernandez v. Cnty. of Tulare, 666 F.3d 631, 637 (9th Cir. 2012) (pleading standards set forth in Starr govern municipal liability claims).

Accordingly, Plaintiff fails to state a valid Monell claim against the County of Riverside, and the Complaint must be dismissed with leave to amend.  If Plaintiff wants to state a claim against any defendant in their *official capacities*, Plaintiff must allege additional facts to support the inference that the defendants acted pursuant to a municipal policy, custom, or usage.

**D.** **Plaintiff Fails To Adequately State A Fourteenth Amendment Excessive Force Claim.**

A pretrial detainee's excessive force claim arises under the Fourteenth

6

Amendment Due Process Clause and is governed by an objective reasonableness standard.  See Kingsley v. Hendrickson, 576 U.S. 389, 396-97 (2015); Hyde v. City of Willcox, 23 F.4th 863, 870 (9th Cir. 2022).  Under this standard, the Court evaluates whether the force purposely or knowingly used against the detainee was objectively unreasonable in light of the "facts and circumstances" confronting the officers, viewed from the "perspective of a reasonable officer on the scene" and with appropriate deference to legitimate "institutional security" concerns.  Kingsley, 576 U.S. at 397.  Relevant considerations include "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting."  Id.; see also Hyde, 23 F.4th at 870.

Here, Plaintiff appears to allege that unnamed deputies used excessive force when deputies were randomly "firing shots," causing Plaintiff to be struck in the eye and head.  (Dkt. 1 at 5.)  However, the Complaint does not allege sufficient facts to plausibly show that the force used was objectively unreasonable under the circumstances.  Plaintiff does not describe the events leading to the shooting, the nature of the disturbance or security threat confronting deputies, whether Plaintiff was complying with commands or otherwise posed a perceived threat, or the circumstances under which Plaintiff was struck.  Without such factual context, the Court cannot assess whether the alleged use of force was disproportionate to any legitimate security need or otherwise objectively unreasonable.  See Kingsley, 576 U.S. at 397.  Accordingly, Plaintiff fails to state a plausible Fourteenth Amendment excessive force claim.

## V.

## ORDER

The Complaint is dismissed with leave to amend.  On or before **June 25,**

**2026**, Plaintiff shall file a First Amended Complaint ("FAC") that attempts to remedy the defects identified above.  If Plaintiff chooses to file a FAC, it should bear the docket number assigned to this case (5:26-cv-2158-ODW-AJR), be labeled "First Amended Complaint," and be complete and of itself without reference in any manner to the original Complaint or any other document (except any document that Plaintiff chooses to attach to the FAC as an exhibit).  Plaintiff is encouraged to state his claims in simple language and provide only a brief statement of supporting facts, omitting facts that are not relevant.  Should Plaintiff decide to file a FAC, he is encouraged to utilize the CV-66 form complaint attached to this Order.

**Plaintiff is explicitly cautioned that failure to timely file a FAC, or failure to correct the deficiencies described above, may result in a recommendation that this action be dismissed with prejudice for failure to prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**  Plaintiff is further advised that if he no longer wishes to pursue this action, he may voluntarily dismiss the action by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1).  A form Notice of Dismissal is attached for Plaintiff's convenience.

IT IS SO ORDERED.

DATED:     May 26, 2026

_____
HON. A. JOEL RICHLIN
UNITED STATES MAGISTRATE JUDGE

Attachments:
CV-09, Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c).
CV-66, United States District Court, Central District of California Civil Rights Complaint.

8